IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:18-cr-00521-HZ-1 |
| Plaintiff, | OPINION & ORDER |
| v. | |
| DANIEL BARAJAS-MENDOZA, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

Defendant moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Defendant's motion. For the reasons stated below, the Court denies Defendant's motion.

## BACKGROUND

On February 18, 2020, Defendant pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and possession with

1 – OPINION & ORDER

intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i). Plea Agr., ECF 37. On March 9, 2021, the Court sentenced Defendant to 60 months imprisonment on each count to run concurrently, followed by three years of supervised release. J. & Commitment, ECF 48. Defendant is currently incarcerated at CI McCrae in McCrae-Helena, Georgia. He is a citizen of Mexico and has no prior criminal history. His projected release date is February 11, 2023. Govt. Resp. 2, ECF 75.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). But with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting that the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)  Extraordinary and compelling reasons warrant such a reduction; [. . . ] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

2 – OPINION & ORDER

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d at 801. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

If the court finds extraordinary and compelling circumstances, it must then determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and after considering whether the defendant is a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(4).

## DISCUSSION

Defendant submitted a request for compassionate release to the Warden at CI McCrae, which was denied on August 4, 2021. Def. Ex. C, ECF 71-3. Therefore, he exhausted administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A) before seeking relief in this Court.

Defendant is a 45-year-old man who asserts that his serious medical conditions combined with the ongoing COVID-19 pandemic provide an extraordinary and compelling reason to reduce his sentence to time-served. Defendant has type 2 diabetes, obesity, and high cholesterol, and he has had blood in his stool. Def. Brief 2, ECF 71; Def. Ex. A, B., ECF 74. He argues that

these health conditions place him at high risk of severe illness and possible death if he contracts COVID-19.

The Centers for Disease Control and Prevention ("CDC") lists type 2 diabetes as a medical condition that places individuals at increased risk of developing severe illness with COVID-19.[1] Defendant requires insulin and metformin to treat his diabetes, and he claims that his blood glucose levels are not being well-controlled in federal prison, in part because of a "lack of food options." Def. Brief 6. His medical records show that in July 2021, his blood sugars ranged from 98 to 404 mg/dl over the previous month. Def. Ex. A at 8.

Defendant's records show that he is overweight with a body mass index ("BMI") of 35. Def. Ex. A. at 6-7. According the CDC, an individual with a BMI greater than 30 is at higher risk of severe infection from COVID-19.[2] Defendant takes medication for high cholesterol, but he presents no evidence that his cholesterol levels are not controlled with medication. *Id.* at 10. The CDC does not list high cholesterol as a risk factor for severe COVID-19 infection.[3] He has received two doses of the Pfizer COVID-19 vaccine in March and April 2021. *Id.* at 95.

Although Defendant presents some evidence that he could develop a more severe illness than other federal prisoners if he contracts COVID-19, his medical conditions do not constitute extraordinary and compelling circumstances that justify compassionate release under 18 U.S.C. § 3582(c)(1)(A). At 45-years old, Defendant is well below an age that would put him at high risk from COVID-19. Approximately 5% of individuals in prisons and jails in the United States have

---

[1] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 14, 2021).
[2] *Underlying Medical Conditions Associated with Higher Risk of Severe COVID-19: Information for Healthcare Providers*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated Oct. 14, 2021).
[3] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 14, 2021).

4 – OPINION & ORDER

diabetes.[4] Therefore, diabetes is highly prevalent in the federal prison population, and a diagnosis of diabetes does not by itself constitute an extraordinary and compelling reason to reduce a prisoner's sentence.

Defendant presents several cases in which federal courts have granted compassionate release to inmates with similar health conditions (diabetes and obesity) during the COVID-19 pandemic. *See, e.g.*, *United States v. Barber*, No. 6:18-cr-00466-AA, 2020 WL 2404679 (D. Or. May 12, 2020); *United States v. Richardson*, No. 2:17-cr-00048-JAM, 2020 WL 3402410 (E.D. Cal. June 19, 2020). But each of these cases was decided during the early period of the COVID-19 pandemic—before prison officials had experience with strategies to prevent COVID-19 spread and before vaccinations were available. More recently, courts in the Ninth Circuit have held that the medical conditions such as diabetes and obesity do not constitute extraordinary and compelling circumstances that warrant compassionate release, even when other individuals housed at the facility have tested positive for COVID-19. *See, e.g.*, *United States v. Juarez-Reyes*, No. 3:17-cr-00384-JO, 2021 WL 5085135, at *2 (D. Or. Nov. 2, 2021); *United States v. Rennie*, No. 3:19-cr-000402-SI, 2021 WL 5053286, at *2 (D. Or. Nov. 1, 2021); *United States v. Higgins*, 849 F. App'x 215 (9th Cir. 2021).

In addition, Defendant's vaccination against COVID-19 mitigates his risk. Courts in the Ninth Circuit have held that defendants who are fully vaccinated against COVID-19 do not satisfy the extraordinary and compelling standard for compassionate release, even if they have underlying medication conditions that create a heightened risk of severe illness if they contract the virus. *See United States v. Wills*, 541 F. Supp. 3d 1185, 1189-90 (D. Or. 2021) (collecting

---

[4] *Diabetes Management in Correctional Institutions*, 34 Diabetes Care S75 (2011).

cases). Accordingly, Defendant's underlying medical conditions do not constitute extraordinary and compelling reasons to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

Furthermore, considering the section 3553(a) factors, the Court finds that a reduction in Defendant's sentence is not appropriate. The Court was aware of and considered Defendant's medical conditions and lack of prior criminal history when it imposed a 60-month sentence, which was a downward variance from the guideline range of 87 to 118 months. PSR, ECF 54; Statement of Reasons, ECF 59. Any further reduction would not reflect the seriousness of the crime, promote respect for the law, or afford adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a)(1)-(2).

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's Motion for Release from Custody pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [60] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED: ___February 16, 2022___.

_____
MARCO A. HERNÁNDEZ
United States District Judge